NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-59

STATE OF LOUISIANA

VERSUS

JONATHAN L. CITIZEN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 77,773
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Chief Judge Ulysses Gene Thibodeaux, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Edward J. Marquet
Louisiana Appellate Project
P.O. Box 53733
Lafayette, LA  70505-3733
(337)237-6841
COUNSEL FOR DEFENDANT/APPELLANT:
        Jonathan L. Citizen

Frederick L. Welter, Assistant District Attorney
Fifteenth Judicial District, Acadia Parish
P.O. Box 288
Crowley, LA  70527-0288
COUNSEL FOR APELLEE:
        State of Louisiana

**PAINTER, Judge.**

Defendant, Jonathan L. Citizen, was convicted of distribution of cocaine, a violation of La.R.S. 40:967(A), on April 13, 2011. The State filed a multiple offender bill of information alleging that Defendant had been convicted of four additional felony offenses. The trial court found Defendant to be "at least a third felony offender" and sentenced him to life in prison without benefit of probation, parole, or suspension of sentence pursuant to La.R.S. 15:529.1. Defendant filed an appeal of his conviction under this court's docket number 12-58, and we affirmed that conviction. He also filed this appeal of his multiple offender adjudication. We also affirm the trial court's adjudication of Defendant as a multiple offender.

## FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this case are as set forth in *State v. Citizen*, 12-58 (La.App. 3 Cir. ___/___/12), ___ So.3d ___, and it is not necessary to restate them here.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that Defendant's sentence is illegally lenient in that the trial court did not impose the sentence at hard labor. However, we take no action with regard to the illegally lenient sentence since it has not been raised as error on appeal.

*Habitual Offender Adjudication*

Defendant filed two separate appeals, and the matters were consolidated for briefing purposes only. Defendant's appellate brief contains three assignments of error, all of which refer to issues in his underlying conviction for distribution of cocaine. All of these assignments of error are fully addressed in *Citizen, supra*. None of the assignments of error pertain to any issues specific to the habitual offender

adjudication.  Thus, Defendant's adjudication as a multiple offender and his sentence are affirmed.

**DECREE**

For the foregoing reasons, Defendant's adjudication as a multiple offender and his sentence to life in prison without benefit of probation, parole, or suspension of sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal, Rule 2–16.3.